FILED
JAN - 3 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert Asa Gordon, Pro Se
DC Presidential Elector,
Chair, DC Statehood Green Party Electoral College Task Force
Exe.Dir. Douglass Institute of Government
1667 Webster St. NE
Washington, DC 20017
(202) 635-7926

Thelma Tharpe, Pro Se
3101 College Street
Savannah, Ga. 31404
(912) 354-4479

**Plaintiffs**

Case: 1:11-cv-00003
Assigned To : Kennedy, Henry H.
Assign. Date : 1/3/2011
Description: TRO/PI

VS.

The Honorable Lorraine C. Miller
Clerk of the U.S. House of Representatives
U.S. Capitol, Room H154
Washington, DC 20515–6601
(202) 225–7000

**Defendant.**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

RECEIVED
JAN 0 3 2011
... District & Bankruptcy

## I. JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief under the First, Ninth, Tenth and Fourteenth Amendment to the United States Constitution, 42U.S.C.§1983 and 2U.S.C.§6. Plaintiff, pursuant to Rule 65 of the Federal Rules of Civil Procedure, seeks the entry of a Temporary Restraining Order and Preliminary Injunction against Defendant Lorraine C. Miller, Clerk of the U.S. House of Representatives.

## II. THE PARTIES

2. Plaintiff, Robert Asa Gordon, Pro Se, is Founder and Executive Director of the Douglass Institute of Government, registered voter of the District of Columbia, Presidential Elector, and Chair, DC Statehood Green Party Electoral College Task Force. In this capacity the Plaintiff has been instrumental in formulating the position statement of the Green Party of the United States in regards to voting rights under the 14th Amendment.

3. Plaintiff, Thelma Tharpe, Pro Se, is a registered voter of the Democratic Party in Chatham County, Thunderbolt, Ga.

4. The Honorable Lorraine C. Miller, is being sued in her ex officio capacity as the Clerk of the U.S. House of Representatives, acting under House Rules to recognize elected members to the U.S. House of Representatives, on January 5th, 2011, and following sessions of each Congress.

## III INTRODUCTION

5. Pursuant to Rule II of the House Rules, the Clerk(Defendant) is required to: prepare the roll of House Members-elect. and call the Members-elect to order at the commencement of each Congress.

6. The Office of the Federal Register of the National Archives and Records Administration explicitly declares that "Electors in these States ARKANSAS, GEORGIA, LOUISIANA, TENNESSEE, and TEXAS are not bound by State Law to cast their vote for a specific candidate".

{ http://www.archives.gov/federal-register/electoral-college/laws.html }

7. The following states: ARKANSAS, GEORGIA, LOUISIANA, TENNESSEE, TEXAS, are unbound electoral states that allocated their presidential electors on a "winner take all" basis wherein there exists no "winner take all" state election statute. These states de-facto disenfranchised the citizens of their respective states who voted for presidential electors pledged to the candidate with less then a plurality of the popular vote in the Presidential election of 2008.

8. Enshrined in the Constitution of the United States of America (**Amend. XIV§2**) as implemented by the "Reduction of representation" U.S. Code (**2USC §6**) is a ***de jure*** mandate for the reduction of a State's representatives to Congress"when the right to vote at any election for the choice of electors for President and Vice-President of the United States... is denied to any ... citizens of the United States, or in any way abridged"

9. Plaintiff enters this plea for injunctive relief against the Defendant, Clerk of the U.S. House of Representatives, acting ex officio under House Rules in order to enjoin the Clerk from recognizing the full slate of elected members from *unbound Southern electoral states* to the U.S. House of Representatives, who by practice, unsupported by state or federal statute, traditionally award Presidential Electors on a "winner-take-all basis". Plaintiff seeks redress by enforcement of the *malapportionment penalty* provided by Section 2 of the 14th Amendment to the U.S. Constitution, wherein "the right to vote at any election for the choice of electors for President and Vice President of the United States, ... is denied .. or in any way abridged" .

10. Plaintiff enters this plea for a Court declaratory judgment for a *proportional reallocation of electors* for the subject unbounded Southern states in the presidential election of 2008 to relieve the present unbounded states from the *malapportionment penalty* of **Amend. XIV§2** as implemented by **2USC§6,** in order to avoid the present standing constitutional mandate for Congressional reduction. Further, the Plaintiff enters this plea for a Court declaratory judgment that **Amend. XIV§2** as implemented by **2USC§6** mandates *proportional apportionment of presidential electors* based on the popular vote split for unbounded electoral states.

## IV COMPLAINT

11. Plaintiffs aver and request that this court take judicial notice that the following states: ARKANSAS, GEORGIA, LOUISIANA, TENNESSEE, TEXAS, are unbound presidential electors states. These "unbound" electoral states following the general presidential election of November 4, 2008 allocated their presidential electors on a "winner take all" basis wherein there exists no "winner take all" election statute. These states have in effect disenfranchised the citizens of the state who voted for the presidential electors pledged to the candidate with less than the popular majority vote.

12. Plaintiffs aver and request that this court take judicial notice of the following: the *unbounded electoral states* under "winner take all" provisions ungrounded in state law *did* de facto deny and/or abridge "citizens of the United States" in the exercise of their "right to vote ... for the choice of electors for President and Vice-President of the United States" on the basis of race and/ or party affiliation in violation of the second section of the Fourteenth Amendment. The plain textual language of the malapportionment penalty of the Second Section of the Fourteenth Amendment mandates that the offending states representatives to congress be reduced in the proportion that the discriminated class of citizens based on race and/or party affiliation bears to the whole number of the State's citizens.

13. Plaintiffs aver and request that this court take judicial notice of the following: These Southern states awarded all of their unbounded presidential electors by "winner take all" provisions not based in any state or federal law but predicated on the majority choice of its white citizens. These unbounded Southern states de-facto disenfranchise those electors of the state based on the votes of the states black citizens.

14. Plaintiffs aver and request that this court take judicial notice of the following: There is no legal, or rational reason, for the unbounded Southern states not to allocate a proportionate apportionment of the statess presidential electors based on the popular split, other than to preserve a preferential discriminate electoral choice representative of the states' majority white population.

15. Plaintiffs aver and request that this court take judicial notice of the following: the allocation of presidential electors by *unbounded Southern electoral states* on an at large "winner take all" basis ungrounded in either state or federal law invokes *minority vote dilution* for voters registered to vote *in or out* of the offending states *by race and/or party affiliation* and de facto denies to the Plaintiffs an *equally effective national vote* for the President of the United States of America.

16. Plaintiffs aver and request that this court take judicial notice of the following: The Honorable Lorraine C. Miller, acting ex officio as the Clerk of the U.S. House of Representatives, under House Rules will in the absence of a court injunction recognize elected members to the U.S. House of Representatives, on January 5th, 2011, and following sessions of each Congress in explicit violation of **Amend. XIV§2** as implemented by the "Reduction of representation" U.S. Code **2USC§6** , depriving citizens' constitutionally protected rights under the First , Ninth, Tenth and Fourteenth Amendment to the United States Constitution from minority vote dilution based on race and/or party affiliation and certain **Amend. IX** rights retained by the people or **Amend. X** powers reserved to the people.

## VI. CLASS ACTION ALLEGATIONS

17. Plaintiffs files this action in *behalf of self* and *derivative beneficiary class members* as registered voters and Presidential Electors of states subject to the impact of the diminishment of their vote by the award of presidential electors on a "Winner Take All" basis in the 2008 presidential elections ungrounded in state law and congressional representation in explicit violation of 2USC§6 (Reduction of representation).

18. Plaintiffs files this action in *behalf of self* and *derivative beneficiary class members* as registered voters and Presidential Electors of states subject to the impact of the diminishment of their vote by the denial and/or abridgment of Presidential Electors who represent their candidate in unbounded Southern states wherein there is no state election law that explicitly allocates that state's electors on a "winner take all" basis.

19. The numerosity requirements of Rule 23(a)(1) are satisfied, in that the members of the class constitute the entire class of Presidential Electors and voters who have suffered minority vote dilution by unbounded electoral Southern states' allocation of a state's Presidential Electors in violation of **Amend. XIV§2** as implemented by **2USC§6.**

20. The requirements of Rule 23(a)(2) are met in that the questions of law and fact are common to the class. In addition, the requirements of Rule 23(a)(3) are met, in that the claims of the Plaintiffs arise from the manner in which the Defendant will recognize elected members to the U.S. House of Representatives, on January 5th, 2011, and following sessions of each Congress in explicit violation of **Amend. XIV§2** as implemented by the "Reduction of representation" U.S. Code **2USC§6**, and are therefore typical of all class claims.

21. Plaintiffs, as representatives of the entire class described, seeks herein to halt Defendants' action to disregard the adherence to the mandates of a Constitutional Article that protects the right of "*citizens of the United States, to vote at any election named in the amendment to the Constitution, article 14, section 2*" ( 2USC§6). If successful, such stoppage would benefit all class members. The requirement of Rule 23(a)(4) will therefore be met, because the Plaintiff will fairly and adequately protect the interests of the class.

## CONCLUSION

21. For the foregoing reasons, Plaintiff respectfully request that this Court, pursuant to Rule 65, issue a temporary restraining order or, in the alternative, a preliminary injunction prohibiting the Defendant from recognizing members to the U.S. House of Representatives, on January 5th, 2011, and following sessions of each Congress in explicit violation of **Amend. XIV§2** as implemented by the "Reduction of representation" U.S. Code **2USC§6.**

22. For the foregoing reasons The plaintiff seeks this temporary restraining order and preliminary injunction at this time to constrain the Defendant from recognizing and presiding over the commencement of a Congress in standing violation of the Constitution and predicated on a "Winner Take All" electoral formula ungrounded in either state or federal law that serves no democratic purpose but to maintain racial and regional party supremacy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully submit:

1. Plaintiff respectfully request that this Court, pursuant to Rule 65, issue a temporary restraining order or, in the alternative, a preliminary injunction prohibiting the the clerk from including the full slate of *unbounded electoral states* Congressional representatives subject to the malapportionment penalty based on Fourteenth Amendment "equal protection" and "right to vote" violations predicated on Race and/or Party Affiliation in violation of Section 2 of the Fourteenth Amendment to the United States Constitution. This amendment which requires that

said congressional representatives be reduced in the proportion of the states protected class of voters under the Fourteenth Amendment who are denied the right "to vote at any election for the choice of electors for President and Vice-President of the United States."

2. Plaintiffs request that the Court enter a temporary restraining order and set this matter down for a hearing on a permanent injunction to enjoin the Defendant pursuant to action taken under Rule II of the U.S. House of Representatives from recognizing the full slate of *unbounded electoral states'* Congressional representatives who are subject to the malapportionment penalty as implemented by 2USC§6, and based on Fourteenth Amendment "equal protection" and "Right to Vote" violations predicated on Race and/or Party Affiliation .

3 Plaintiffs request the court to apply the sanction in section two of the Fourteenth Amendment as implemented by 2USC§6 which calls for the reduction of the number of State representatives in congress in proportion to the disenfranchised class of U.S. Citizens whose voting rights were denied *and/or abridged*.

4. Plaintiffs request the Court enter a declaratory judgment for a *proportional reallocation of electors* for the subject unbounded Southern states in the presidential election of 2008 to relieve the present unbounded Southern electoral states from the *malapportionment penalty* of **Amend. XIV§2** as implemented by **2USC§6**, in order to avoid execution of the present standing constitutional mandate for reduction of representatives to Congress. Further, the Plaintiffs request the Court to enter a declaratory judgment that **Amend. XIV§2** as implemented by **2USC§6** mandates *proportional apportionment of presidential electors* based on the popular vote split for unbounded electoral states.

**Respectfully submitted,**

Robert Asa Gordon, Pro Se
DC Presidential Elector,
Chair, DC Statehood Green Party Electoral College Task Force
Exe.Dir. Douglass Institute of Government
1667 Webster St. NE
Washington, DC 20057
(202) 635-7926

Thelma Tharpe, Pro Se
3101 College Street
Savannah, Ga. 31404
(912) 354-4479

**Plaintiffs**